## Commonwealth ex rel. Murdock v. Moore, Mayor, et al.

*Cities of first class—Discharge of employees—Absence from employment —Alleged physical disability—Failure to ask for extension of leave of absence.*

1. Where an employee of a city of the first class absents himself from his employment for a long period of time, alleging disability from an injury, and when he is given a tentative notice of discharge files an answer within five days, alleging continued disability, but not requesting an extension of time, he cannot, after his final discharge, maintain mandamus for reinstatement.

2. In such case the attempt of the relator to arrogate to himself the right to remain absent without obtaining leave was destructive of discipline and rendered him unfit for the position he occupied.

Motion to quash writ of alternative mandamus. C. P. No. 5, Phila. Co., June Term, 1922, No. 11892.

*J. Gazzam, Jr.*, for plaintiff; *A. M. De Haven*, for defendants.

MARTIN, P. J., April 6, 1923.—Relator held the office of assistant foreman in the Bureau of Highways in the City of Philadelphia from Jan. 1, 1897, until March 31, 1921. Upon the latter date he suffered from a fall, resulting in a sprained ankle. He was granted leave of absence until May 15, 1921; the leave was extended on May 26, 1921, until Aug. 1, 1921; and a further extension was granted until Aug. 8, 1921.

On Aug. 16, 1921, the relator received a notification of a tentative discharge from the Director of Public Works; and on Aug. 20, 1921, he was notified by the Director of his discharge.

On Sept. 20, 1922, upon presentation of a petition setting forth that in the discharge of his duties he sustained the injury to his ankle; that on May 15, 1921, he attempted to resume work and worked for eleven days, but was forced to discontinue by a severe swelling of the injured ankle, and that on Aug. 8th he reported to the Superintendent of the Bureau of Highways as being still under the care of a physician and unable to work, and produced a certificate signed by a physician, and alleging that the notification of intended discharge was not such as to come within the meaning of "just cause;" inasmuch as at the expiration of his leave of absence he notified the Director of his condition and produced a written certificate from a physician to that effect, a writ of alternative mandamus was issued directed to the Mayor and Director of Public Works.

A motion to quash the writ was filed.

It appears in the petition and from the exhibits attached thereto, that the relator was notified by the Director on Aug. 15, 1921, that on Aug. 20th he would be discharged for the reason that from Aug. 6, 1921, he had failed to report for work. He was further notified that he would be allowed to set forth and furnish the Director, within five days, such written answer as he might desire.

On Aug. 18th relator wrote to the Director, stating that on March 31, 1921, while at work on the River Road south of Magazine Lane, he had slipped on the tar with which he had treated the road and sprained his ankle; that he had been under the doctor's care ever since, and was still under his care, his foot being so swollen some mornings that he could not get his shoe on until late in the day; and referring to the long period of time he had worked in the Department, he stated "that he thought he deserved another chance."

It appears from the petition presented by the relator that he received several extensions of leave, the last of which expired Aug. 8, 1921, and, although it is averred that he reported to the Superintendent of the Bureau of High-

ways on that day as "being still under the care of a physician and unable to work, and produced a certificate to that effect signed by J. M. Griffith, M. D.," no application was made for and no further extension of leave was granted to him, but without permission he remained absent; and after notification on Aug. 16, 1921, of an intended discharge for failure to report to work at the expiration of his leave of absence, and that he would be permitted to furnish the Director, within five days, such written answer as he might desire to present, on Aug. 18th he replied by stating the nature of his injury, that he had been under the doctor's care, and referred to the period of time that he had been employed by the Department without absence on account of illness, but he made no application for a further extension of leave of absence, and the doctor's certificate attached to the petition was dated Sept. 2, 1921, twelve days after his discharge.

It clearly appears that he was absent without leave; that he was afforded an opportunity of furnishing the Director with a written answer to the notification of his discharge, and that his answer sent on Aug. 18th made no reference to any extension of his leave of absence which had expired on Aug. 8th. The petition for mandamus was not filed until Sept. 15, 1922, more than a year subsequently to his discharge.

The conduct of relator furnished ample cause for removal by the head of the Department. It was personal to the employee, and not religious or political. The attempt to arrogate to himself the right to remain absent without obtaining leave was destructive of discipline and rendered him unfit for the position he occupied.

Motion granted.